LeBLANC, Judge.
Cullen Domingue was charged by grand jury indictment for first degree murder. He pled not guilty by reason of insanity, and elected to proceed by jury trial. On the date the trial was scheduled to begin, the state amended the indictment to charge second degree murder. Defendant pled not guilty to the amended bill. The jury convicted him as charged. Thereafter, this Court reversed defendant’s conviction and sentence and remanded the matter for a new trial. State v. Domingue, 470 So.2d 1013 (La.App. 1st Cir.), writ denied, 477 So.2d 97 (La.1985). Defendant was subsequently retried for second degree murder, and was found guilty by a jury of the responsive offense of manslaughter. The trial court sentenced him to twenty-one years imprisonment at hard labor. It is from this conviction and sentence that defendant perfected the instant appeal, alleging seven assignments of error, but briefing only one. Those assignments of error not briefed are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.[1]
FACTS
On June 3, 1983, at approximately 10:00 p.m., defendant, Cullen Domingue, shot and killed O’Neal Crochet, the then current boyfriend of his ex-wife, Brenda Cavalier. This shooting incident occurred in front of the residence of defendant’s former in-laws in Pierre Part, Louisiana. Defendant had driven by the Cavaliers’ house to speak to his ex-wife, who was also living there. He testified that, as he neared the driveway, he noticed that Crochet’s truck was parked there and Crochet was standing next to it. Defendant decided not to stop and was driving past when Crochet shouted an unintelligible remark at defendant. Defendant stopped his vehicle and rolled down his car window. He related at trial that a verbal altercation ensued, during which Crochet cursed him and used vulgar language. Crochet challenged him to a fight, so defendant got out of his car.
At this crucial point, the trial testimony differs. Defendant testified that, when he got out of his car, Crochet turned and reached in the back of his truck. Defendant then reached over on the seat of his car and grabbed his pistol. When Crochet’s hand came up, defendant saw that he had a knife. Crochet started turning toward defendant; so defendant raised his gun and fired twice, striking the victim both times at close range.
At the time of the shooting, the Cavaliers and several relatives were having a birthday party outdoors for one of the children. O’Neal Crochet’s child was attending the party. Edith Gros and her mother, Lillian Gros Leonard, testified that, at approximately 9:30 p.m., O’Neal Crochet drove up and got out of his truck. Shortly thereafter, defendant drove up. Both state witnesses testified that, when defendant got of his car, he had a gun in his hand.
On cross-examination, defense counsel asked Edith Gros if she testified in court on January 30, 1984, and made six statements that she did not see a gun in defendant’s hand when he got out of the car. Miss Gros replied in the affirmative, but stated that she really did see a gun in his hand. She maintained, however, that she had told the truth at all times and was not lying. Mrs. Leonard testified on cross-examination that she could not see O’Neal Crochet’s hands and did not know if he was holding a knife.
*348 Brenda Cavalier, defendant’s ex-wife, testified for the defense at trial. She related that defendant and the victim had had several prior confrontations, including a fist fight which defendant won. She stated that the victim threatened defendant that he would get back at him. The victim usually carried a fillet knife in the back of his truck, and she saw him reach in the back of his truck and get a knife on the night of the shooting.
During cross-examination, Ms. Cavalier admitted making a statement to the police a few days after the shooting. One of the witnesses wrote out the statement and she signed it, but she could not remember doing so. She testified that some of the sentences in the statement were wrong and some of them were right. She denied saying many of the things contained in the statement. Specifically, she denied stating that she never saw Crochet come out with a knife and that he was not in possession of a weapon at the time he was shot. Ms. Cavalier testified that she told the police that the victim had a knife and the portion of the written statement indicating he was unarmed was a lie. When sheriffs deputies arrived on the scene shortly after the shooting, they found a knife lying in the street approximately ten feet away from the victim. Subsequent blood tests performed on the victim’s blood revealed an alcohol content level of .12%.
SUFFICIENCY OF EVIDENCE
In his only briefed assignment of error, defendant claims that the trial court erred in denying his motion for post verdict judgment of acquittal filed pursuant to Louisiana Code of Criminal Procedure article 821. As grounds for acquittal, defendant argues that the evidence failed to establish that the killing was not justified as an act of self-defense.
When a defendant claims self-defense, the state has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. State v. Rosiere, 488 So.2d 965 (La.1986). La.R.S. 14:20, in pertinent part, provides: “A homicide is justifiable: (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger....” However, an aggressor or one who brings on difficulty, as a general rule, cannot claim the right of self-defense unless he withdraws from the conflict in good faith and indicates his intention to withdraw from the confrontation. La.R.S. 14:21.
There is no question that defendant killed O’Neal Crochet. The only issue is whether he acted in self-defense. Thus, the relevant inquiry on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense. La.Code Crim. P. art. 821(B); State v. Rosiere, 488 So.2d at 968-969.
The facts surrounding the instant offense are relatively undisputed. However, two significant divergences exist concerning whether defendant got out of his car holding a gun and whether qr not the victim armed himself with a knife. Two state witnesses testified that defendant exited his car with a gun in his hand. Defense counsel impeached the credibility of one of these witnesses by proof of contradictory statements made by her. Defendant and his ex-wife, Brenda Cavalier, both testified that the victim reached in the back of his truck and grabbed a knife. The prosecution impeached Ms. Cavalier’s credibility by proof of a prior inconsistent statement.
The guilty verdict returned in this case indicates that the jury concluded that this homicide was not necessary to preserve defendant’s life. The return of the responsive verdict of manslaughter also reflects the jury’s belief that the killing was the product of Crochet’s conduct, which constituted sufficient provocation to deprive an average person of his self-control and cool reflection. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Spears, 504 So.2d 974, 978 (La.App. 1st Cir.), writ denied, 507 So.2d 225 (La.1987).
*349 Essentially, defendant is requesting this Court to reweigh the credibility of the witnesses when reviewing the sufficiency of the evidence. When there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. A determination of the weight of the evidence is a question of fact. State v. Spears, supra. This Court has no appellate jurisdiction to review questions of fact in criminal cases. La. Const, art. V, § 10(B).
The jury’s verdict reflects a reasonable construction of the events of the killing based upon the evidence viewed in the light most favorable to the prosecution. Defendant and the victim had had several prior arguments, including one fist-fight. The victim was involved with defendant’s ex-wife. A verbal altercation took place immediately before the shooting occurred. It is reasonable to conclude that defendant committed the offense in a sudden passion or heat of blood immediately caused by provocation which would have deprived an average person of his self-control and cool reflection. It is equally as reasonable to conclude that defendant could have saved himself from the danger, if any, presented by the victim without resorting to deadly force.
Concluding that any reasonable trier of fact could have found that the state carried its burden in establishing beyond a reasonable doubt that Crochet’s homicide was not committed in self-defense, we find this assignment of error is without merit.
SENTENCE AND CONVICTION AFFIRMED.

. We note as an error patent on the face of the record that the indictment does not reflect the statute number under which defendant was prosecuted. However, error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. The record clearly establishes defendant was aware of the charge for which he was prosecuted.
Also, the indictment does not reflect amendment of the charge from first degree murder to second degree murder. Since second degree murder is a lesser included offense of first degree murder, the state may abandon the charge of the greater crime and proceed with the prosecution of the lesser, and no formal amendment of the indictment is necessary. See State v. James, 459 So.2d 1299 (La.App. 1st Cir.1984), writ denied, 463 So.2d 600 (La.1985); Cf. State v. Breaux, 504 So.2d 1011 (La.App. 1st Cir.1987).