BARHAM, Justice.
In an indictment found by the grand jury of Tangipahoa Parish, it was charged that Robert Parrish “did intentionally and forcibly seize and carry Vivian Ann Williams and Faye Cathy Williams, from one place to another without the consent of the said Vivian Ann Williams and Faye Cathy Williams, in violation of Article 45 of the Louisiana Criminal Code”. Following a trial he was convicted and sentenced to serve five years in the penitentiary.
Nineteen bills of exceptions, reserved during the course of the trial, were perfected and appear in the record on this appeal. However, we address ourselves only to a consideration of Bill of Exceptions No. 2, in which defendant attacks the validity of the indictment. Since that bill has merit, the conviction will have to be set aside, regardless of the merit of the other bills.
*322 Prior to trial the defendant objected to the indictment as being insufficient to inform him of the nature of the charge against him since there are five different ways in which he could have violated R.S. 14:45. That statute defines the crime of simple kidnapping as:
« * >ji
“(1) The intentional and forcible seizing and carrying of any person from one place to another without his consent; or
“(2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody; or
“(3) The intentional taking, enticing or decoying away, without the consent of the proper authority, of any person who has been lawfully committed to any orphan, insane, feeble-minded or other similar institution.
“(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child.
“(5) The taking, enticing or decoying away and removing from the state, by any person, other than the parent, of a child temporarily placed in his custody by any court of competent jurisdiction in the state, with intent to defeat the jurisdiction of said court over the custody of the child.
<< * * * »
We observe at the outset that the original indictment, above quoted, would have been a perfect charge for commission of simple kidnapping under R.S. 14:45(1). However, after defendant’s objection to the original indictment the State, over defense counsel’s objection, was permitted orally to amend it to charge a violation of R.S. 14:45(2) and to try the defendant on the latter charge.
The ruling was improper because, in effect, it permitted the State to rely on an oral charge. This is prohibited by Code of Criminal Procedure Article 464 which recités: “The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.” (Emphasis supplied.) See also C.Cr.P. Arts. 383, 384, and 385.
The indictment is the written charge which is the foundation of the prosecution and without which the conviction cannot stand. The initial charge in this matter was based on a perfect indictment, but admittedly the proof does not support the charge, inasmuch as the State adduced evidence to support only a charge under R.S. 14:45(2).
Under the provisions of the Code of Criminal Procedure, the verdict must be responsive to the indictment. C.Cr.P. Arts. 809, 810, 811, and 813. In this case, however, the defendant was not tried on the written charge under Subsection (1) of the statute, but on an impermissible oral charge under Subsection (2) of the statute. The verdict is not responsive, and there is no indictment on which to rest the conviction. It must therefore be set aside.
In this court as well as in the district court, the State’s attorney argues that the indictment is a valid one in the short form permitted under Article 465 of the Code of Criminal Procedure, and that the accused could have obtained the information he sought by way of a bill of particulars. The colloquy which appears in the record indicates that both counsel and the court were under the impression that the indictment was drawn in the short form. Reference to the indictment, however, part of which is quoted above, reveals clearly that it is not. According to Article 465, simple kidnapping may be charged as “A.B. *323 kidnapped C.D.” * The indictment here obviously did not comply with the permitted form. To the contrary, it was drawn in the long form, virtually tracking the language of Subsection (1) of R.S. 14:45.
For the reasons assigned, the conviction and sentence are set aside, and the case is remanded for further proceedings in conformity with the views here expressed.
HAMLIN, C. J., dissents with written reasons.

 By way of a bill of particulars, an accused may find out under which subsection of R.S. 14:45 the State intends to proceed. And this court has repeatedly held that when the short forms set forth in Article 465 of the Code are used, they must be strictly adhered to. State v. Pinsonat, 188 La. 334, 177 So. 67 (1937); State v. Butler, 259 La. 560, 250 So.2d 740 (1971); and State v. Raby, 259 La. 909, 253 So.2d 370 (1971).