504 So.2d 1011 (1987)
STATE of Louisiana
v.
Janey BREAUX.
No. 86 KA 0652.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Camille Morvant, II, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State of Louisiana.
Larry P. Boudreaux, Thibodaux, for defendant-appellant Janey Breaux.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
Janey Breaux was originally charged by bill of information with second degree battery (a violation of LSA-R.S. 14:34.1). She pleaded not guilty to this offense on January 8, 1985. On February 27, 1985, the state moved to amend the bill of information to charge Ms. Breaux with the crime of cruelty to a juvenile (a violation of LSA-R.S. 14:93), and Ms. Breaux at that time was rearraigned, pleading not guilty. The state did not file a written bill of information to charge the crime of cruelty to a juvenile, nor did the state file a written amendment of the bill of information to conform to the new charge. On October 18, 1985, defendant withdrew her not guilty plea and entered a plea of guilty to the new charge, cruelty to a juvenile. On December 4, 1985, defendant withdrew her guilty plea and pleaded not guilty. On February 26, 1986, defendant withdrew her plea of not guilty, and entered a plea of guilty to the charge of cruelty to a juvenile. She was sentenced to serve a term of ten years at hard labor. She has appealed, urging only that the sentence was excessive.
We have reviewed the record, and find an error patent on the face of the record which pretermits the necessity of our deciding whether or not the sentence was excessive. From our review of the record we are convinced that there was no prejudice to the defendant in the proceedings below. We are constrained, however, by the holding of our state's Supreme Court to set aside the conviction and sentence, as the defendant was convicted and sentenced for a crime non-responsive to the original crime charged and the bill of information was never amended. See State v. Cook, 372 So.2d 1202 (La.1979), which clearly holds the amendment of the indictment is jurisdictional, and absent a valid amendment of *1012 the indictment, the state courts are without jurisdiction to proceed further.
LSA-R.S. 14:34.1 contains the following provisions with regard to the crime of second degree battery:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involved unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protacted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.
LSA-R.S. 14:93, as amended by Art. 621 of 1984, which was in effect at the time of the alleged offense, reads as follows with regard to the crime of cruelty to a juvenile:
A. Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
B. The providing of treatment by a parent or tutor in accordance with the tenets of a well-recognized religious method of healing, in lieu of medical treatment, shall not for that reason alone be considered to be criminally negligent mistreatment or neglect of a child. The provisions of this Subsection shall be an affirmative defense to a prosecution under this Section. Nothing herein shall be construed to limit the provisions of R.S. 40:1299.36.1.
C. The trial judge shall have the authority to issue any necessary orders to protect the safety of the child during the pendency of the criminal action and beyond its conclusion.
D. Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.
LSA-C.Cr.P. art. 487 contains the following provisions with regard to the amendment of an indictment or bill of information:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
State v. Cook, supra, clearly requires us to remand for an amended indictment or information if the district attorney's office failed to amend the bill of information from the charge of second degree battery to charge the nonresponsive offense of cruelty to a juvenile. It did attempt by oral motion to amend the bill of information. However, we must hold, based on the broad policy of State v. Cook, supra, that an amendment to an indictment or information charging a new offense nonresponsive to the former charge must be in writing. We note that where the bill of information *1013 was in error, a correction of the error apparently was permitted to be made orally in open court (State v. Strickland, 398 So.2d 1062 (La.1981)). Also, an oral amendment in open court of an indictment to charge a responsive lesser included offense has been permitted. See State v. Gilmore, 332 So.2d 789 (La.1976), C.Cr.P. art. 558. However, in the present case, the crime of cruelty to a juvenile is not a responsive offense to the charge of second degree battery, as the maximum prison term for cruelty to a juvenile is greater, and the crime of cruelty to a juvenile contains an element not found in the crime of second degree battery, viz., the perpetrator must be over the age of seventeen and the victim under the age of seventeen.
We hold that the bill of information with regard to Ms. Breaux was never amended and that defendant still stands charged with the crime of second degree battery.
The conviction and sentence are reversed and set aside, and the case is remanded for further proceedings.
REVERSED AND REMANDED.