700 So.2d 1169 (1997)
STATE of Louisiana
v.
Mark Anthony RITO.
No. CR96-1444.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
Bernard E. Boudreaux, Jr., District Attorney, Robert C. Vines, Asst. Dist. Atty., for State.
Jason Wayne Robideaux, Lafayette, for Mark Rito.
Before COOKS, WOODARD and AMY, JJ.
WOODARD, Judge.
Defendant, Mark Anthony Rito, who was charged as a principal to possession of more than four hundred grams of cocaine, pled guilty to possession of cocaine with intent to distribute and sought a review of his conviction and sentence. His counsel filed a Benjamin/Anders Motion to Withdraw, alleging that there were no nonfrivolous issues to be raised on appeal. Since an error patent review showed that the bill of information was not amended to reflect the nonresponsive crime to which defendant had pled, this court denied defense counsel's Motion to Withdraw and further, remanded the case, ordering appellate counsel to brief this court on *1170 whether the state's failure to amend the bill of information had any effect on the validity of defendant's guilty plea. Having reviewed the briefs and the record, we affirm the trial court's sentence and conviction.

FACTS
After being charged by bill of information as a principal to possession of four hundred grams or more of cocaine (a violation of La.R.S. 14:24 and La.R.S. 40:967(F)(1)(c), punishable by a sentence of ten to sixty years), the defendant pled guilty to possession of cocaine with intent to distribute (a violation of La.R.S. 40:967(A) punishable by a sentence of five to thirty years). This plea was entered without amending the information or filing a new one. Defendant was then sentenced to fifteen years at hard labor; all but five years were suspended, and he was placed on five years probation with general and special conditions. At the time that defendant pled guilty, his retained counsel was Robert Fuhrer.
Jason Robideaux, the defendant's new counsel, then filed a Motion to Reconsider Sentence on defendant's behalf, but it was denied by the trial court. After filing a Motion for Appeal based on excessiveness of the sentence, defense counsel filed a Benjamin/Anders Motion to Withdraw, alleging that there were no nonfrivolous issues to be raised on appeal. Defendant elected not to file a brief on his own behalf.
An independent review of the record revealed that the bill of information was not amended, thus we denied defense counsel's Motion to Withdraw and remanded the case on June 11, 1997, ordering appellate counsel to submit supplemental briefs to explore any potential effect the state's failure to amend the bill of information might have in this matter.

ASSIGNMENT OF ERROR
No errors, other than those present on the face of the record, were initially asserted to advance this appeal. After the case was remanded, defendant argued in his supplemental brief that the state's failure to amend the bill of information, to reflect the non-responsive crime to which defendant pled guilty, deprived the trial court of jurisdiction to accept the guilty plea, making his conviction and sentence illegal and subject to annulment.

LAW

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, this review is limited to defects that are designated in the assignment of errors and errors that appear on the face of the pleadings and proceedings. After reviewing the record, we find two errors patent. First, the bill of information, charging defendant as a principal to possession of more than four hundred grams of cocaine was not amended to reflect the charge to which he ultimately pled guilty. As a result, the main issue on appeal is whether this mistake is reversible error, thereby rendering defendant's guilty plea invalid, or whether it is harmless error, having no effect on the validity of the plea.
It is well settled that a defendant may plead guilty to a crime nonresponsive to the original indictment as long as the district attorney accepts it. La.Code Crim.P. art 487(B) and State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984). Further, the state is not constitutionally or statutorily required to amend the information before the defendant can plead to a nonresponsive offense. Price, 461 So.2d 503 (Knoll, J., dissenting). Since it has already been established that the crime of possession of cocaine with intent to distribute is not responsive to the crime of possession of four hundred grams or more of cocaine because it contains an additional element not found in the crime charged with (i.e., the specific intent to possess in order to distribute), the only issue remaining is whether this failure to amend constitutes harmless or reversible error.
We consider the first circuit's decision in State v. Barclay, 591 So.2d 1178, 1182 (La. App. 1 Cir.1991), writ denied, 595 So.2d 653 (La.1992), to be dispositive of the issues presented by the facts of this case. In that case, the defendant was charged by grand jury indictment with aggravated rape but pled guilty to conspiracy to commit aggravated *1171 rape. The court espoused the following harmless error principle to uphold the conviction and sentence despite the state's failure to formally amend the bill of information:
[W]here ... the defendant enters a plea of guilty to a crime nonresponsive to the original indictment when such plea is acceptable to the district attorney, the defendant is fully aware of the charge to which he pleaded as shown by extensive Boykinization, and the plea is not prejudicial to the defendant, any error caused by a failure to formally amend the indictment is harmless.
Id.
All of the Barclay considerations have been satisfied in this case. First, the state accepted defendant's plea. At the felony plea hearing, the trial court laid the proper foundation for this when it repeated the plea agreement entered through the district attorney's office and then confirmed the same through defendant's counsel.
Second, the trial court thoroughly Boykinized defendant. Our review of the record and the transcript convinces us that defendant was fully briefed as to the significance of the plea and that it was entered freely and voluntarily given. He had the benefit of counsel at every stage in the proceeding. The plea agreement was discussed among the trial judge, defendant, and his defense counsel. After the court judicially interrogated him, defendant stated that he was advised by counsel and was aware of the nature of the charge against him and the consequences of his guilty plea. The trial judge read the statute pertaining to possession of cocaine with intent to distribute and defendant responded affirmatively to his understanding of the statute and the possible penalty assessed by it. The judge then informed defendant of his constitutional rights and the effect of waiving those rights. The trial judge then provisionally accepted defendant's plea pending a determination of the factual basis for the charge. Lastly, because the state provided a factual basis for the guilty plea and defendant corroborated the facts alleged, the trial judge found sufficient factual basis to properly accept the plea of guilty.
State v. Guerrero, 96-851, 96-852 (La.App. 5 Cir. 1/28/97), 688 So.2d 119, is analogous to the case at hand. In that case, the fifth circuit adopted the Barclay decision in upholding the conviction and sentence of a defendant who pled guilty to a crime that was non-responsive to that charged on the bill of information. As in Barclay and Guerrero, the state's failure to file an amendment in the instant case was not a fatal mistake because the plea was accepted by the district attorney, understood by the defendant, and was not prejudicial to him.
At odds with the findings in Barclay and Guerrero is the case of State v. Cook, which found reversible error in the state's failure to amend the bill of information in question. State v. Cook, 372 So.2d 1202 (La.1979). We are able to distinguish the Supreme Court case from the instant case because in the former case, the nonresponsive crime to which that defendant pled (simple burglary of an inhabited dwelling) was more serious than the offense he was originally charged with (simple burglary). As a result, the Supreme Court found a flaw, justifying reversal in that case. In contrast, the crime that defendant pled guilty to in this case was less serious than that originally charged with, and the resulting sentence imposed was more favorable to the defendant in this instance.
Third, we believe that defendant benefitted greatly from the plea agreement and was not prejudiced by the state's failure to file a written amendment to the indictment. In fact, by pleading guilty to possession of cocaine with intent to distribute, defendant reduced his sentence exposure from sixty to fifteen years. Therefore, he did not suffer from surprise or lack of notice. Based on the above, we hold that the state's failure to amend the bill of information, although error, was not fatal, and does not require reversal.
In reviewing the record, this court notes that the only other error patent was the failure of the trial court to give defendant credit for time served prior to the imposition of the sentence. By failing to award this, the trial court erred.

CONCLUSION
After consideration of the above, the conviction and sentence imposed by the trial *1172 court are affirmed, and the case is remanded to the trial court for an amendment of the sentencing minutes and commitment order to reflect that defendant is given credit for time served. Further, defense counsel's Motion to Withdraw is hereby granted.
AFFIRMED AND REMANDED.