JJJECUIR, Judge.
This appeal seeks review of the sentence imposed on the Defendant, Terome Silvie. The Defendant was charged with armed robbery, a violation of La.R.S. 14:64, aggravated battery, a violation of La.R.S. 14:34, and aggravated criminal damage to property, a violation of La.R.S. 14:55. At his arraignment on April 21, 1995, the Defendant entered a plea of not guilty to each charge. The State moved to amend the armed robbery charge to attempted manslaughter, a violation of La.R.S. 14:27 and 14:31, and moved to dismiss the other charges, pursuant to a plea bargain. The Defendant pled guilty to attempted manslaughter. After advising the Defendant of his rights, the trial court accepted his plea. Defendant was sentenced by the trial court to twenty years imprisonment, with credit for time served.
The Defendant filed a pro se Motion to Reconsider Sentence, which was denied by the trial judge. The Defendant later filed an out of time appeal, which was denied by the trial court. The Defendant then filed a writ application to this court to require |2the trial judge to allow his appeal. This court granted the writ and ordered an evidentiary hearing to determine if the Defendant was entitled to an out of time appeal. State v. Silvie, an unpublished writ opinion bearing docket number 95-1069 (La.App. 3 Cir. 2/26/96). The evidentiary hearing was held and the *999 trial judge again denied the Defendant’s out of time appeal. At the evidentiary hearing, the Defendant limited his relief to a reduction of the sentence and did not challenge the plea bargain itself. Finally, this court granted another writ allowing the Defendant an out of time appeal. State v. Silvie, an unpublished writ opinion bearing docket number 97-279 (La.App. 3 Cir. 12/29/97). Defendant now appeals and assigns three assignments of error.
FACTS
On or about February 17, 1995, the Defendant robbed two men while armed with a dangerous weapon. In the process of the robbery, he shot them. Also, during the robbery the Defendant damaged property within the home.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.
Although the Defendant was originally charged with armed robbery and aggravated battery, he entered a plea of guilty to attempted manslaughter. Attempted manslaughter is not a responsive verdict to either of the above charges.[1] According to this court in State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984), the State should have amended the bill of information to reflect the Defendant’s plea to the nonresponsive |3offense. Although the minutes indicate the Defendant’s armed robbery charge was amended, neither the transcript nor the bill of information show such an amendment. Pursuant to an information request sent by this court, the clerk of court’s office informed this court that no new bill of information was filed with the amended charge.
In State v. Rito, 96-1444 (La.App. 3 Cir. 10/8/97); 700 So.2d 1169, this court stated that the prosecution is not required either by statute or by the constitution to amend the bill of information before the defendant can plead guilty to a nonresponsive crime. The court stated:
It is well settled that a defendant may plead guilty to a crime nonresponsive to the original indictment as long as the district attorney accepts it. La.Code Crim.P. art. 487(B) and State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984). Further, the state is not constitutionally or statutorily required to amend the information before the defendant can plead to a nonresponsive offense. Price, 461 So.2d 503 (Knoll, J., dissenting)_ Id. at p. 3; 1170.
Nevertheless, the court went on to decide whether the state’s failure to amend the bill of information was harmless or reversible error. The court found the first circuit’s opinion in State v. Barclay, 591 So.2d 1178 (La.App. 1 Cir.1991), writ denied, 595 So.2d 653 (La.1992), to be dispositive of the issue. Discussing Barclay, the court stated:
In that case, the defendant was charged by grand jury indictment with aggravated rape but pled guilty to conspiracy to commit aggravated rape. The court espoused the following harmless error principle to uphold the conviction and sentence despite the state’s failure to formally amend the bill of information:
[Wjhere ... the defendant enters a plea of guilty to a crime nonresponsive to the original indictment when such plea is acceptable to the district attorney, the defendant is fully aware of the charge to which he pleaded as shown by extensive Boykinization, and the plea is not prejudicial to the defendant, any error caused by a failure to formally amend the indictment is harmless.
Id. at p. 3; 1170-1171.
I4AII of the Barclay considerations have been satisfied in this case. First, the State accepted the Defendant’s plea. Second, the trial court thoroughly Boykinized the Defendant. The trial court stated the Defendant was pleading guilty to attempted manslaugh *1000 ter and he stated the penalty provision for that offense. When informing the Defendant of the penalty provision for attempted manslaughter, the trial court stated, “Now let me tell you exactly what your sentence is going to be, if you enter this plea. It’s going to be just what your attorney told you it will be. It will be twenty (20) years in the Louisiana Department of Corrections, do you understand that?” The Defendant stated that he understood the penalty. The Defendant was, in fact, sentenced to twenty (20) years at hard labor. Finally, when asked if he felt all the elements of attempted manslaughter were present, the Defendant’s attorney responded, ‘Tes, Your Honor.”
Furthermore, the Defendant benefitted substantially from his plea. His sentencing exposure was reduced from a possible sentence of ninety-nine (99) years for armed robbery and ten years for aggravated battery to twenty (20) years for attempted manslaughter. As stated earlier, the Defendant received twenty (20) years at hard labor. For the foregoing reasons, the Defendant was not prejudiced by the State’s failure to amend the bill of information, and such error should be considered harmless.
ASSIGNMENTS OF ERROR NOS. 1, 2, & 3
In his assignments of error, the Defendant contends that the trial court erred when it sentenced the Defendant to twenty years. Specifically, he argues that before sentencing, a pre-sentence investigation should have been conducted and that the sentence imposed was excessive and in contravention to the Sentencing Guidelines in effect at the time. He argues that because he was a first time offender and, because |sthere is no evidence in the record as to why this particular sentence was imposed, the sentence was excessive.
The Defendant does not deny that he committed the offense. Rather, the Defendant asserts that the sentence of twenty years imposed by the trial court, was excessive and that by not obtaining a pre-sentence investigation, the sentence was inappropriate. However, because the Defendant in this case was told exactly what his sentence would be prior to pleading guilty, and he knowingly and intelligently agreed to that sentence, he is unable to appeal this sentence pursuant to La.Code Crim.P. art. 881.2.
La.Code Crim.P. art. 881.2 prohibits any review of a sentence imposed in conformity with a plea agreement which is set forth in the record at the time of the plea. This article does not impose an obligation to state the reasons for the sentence, as long as the record states the plea bargain and sentencing agreement. Thus, the critical inquiry is whether the plea was adequately set forth in the record.
It has been held by the supreme court that where there is a specific sentence agreed upon in a plea bargain, “that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence_” State v. Bell, 412 So.2d 1335, 1336 (La.1982); State v. Curry, 400 So.2d 614 (La.1981).
If a Defendant acknowledges the content of a plea agreement, and makes a voluntary and intelligent decision with the aid of an attorney, but still enters a guilty plea upon the assurance that he will not receive more than the agreed upon sentence, then the sentence is not renewable by an appellate court. State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171; State v. Watkins, 97-364 (La.App. 3 Cir. 10/8/97); 700 So.2d 1172.
|6In the case sub judice, the Defendant was facing a possible sentence of up to ninety-nine (99) years on the armed robbery charge alone. When the state amended the charge to attempted manslaughter, the possible maximum sentence was lowered to twenty (20) years. The following conversation took place between the Defendant and the trial judge at the felony plea proceeding:
THE COURT: “.... Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty (40) years.” Now the maximum on manslaughter is forty (40) years on manslaughter, and attempt reduces it to half. So twenty (20) years is what you’re looking at. Now do you understand the definition of the crime you’re charged with and the maximum penalty that it carries?
*1001 DEFENDANT: Yes.
THE COURT: Okay. Now let me tell you exactly what your sentence is going to be, if you enter this plea. It’s going to be just what your attorney told you it will be. It will be twenty (20) years in the Louisiana Department of Corrections, 'do you understand that?
DEFENDANT: Yes.
THE COURT: Alright, have you discussed these points with your attorney?
DEFENDANT: Yes.
THE COURT: Have you had sufficient time to talk with Mr. Bonnette, your attorney, about entering this plea?
DEFENDANT: Yes.
THE COURT: Do you know that if you plead not guilty the prosecutor must prove your guilt beyond a reasonable doubt?
DEFENDANT: Yes.
THE COURT: Do you understand that by your plea you give up your right against self-incrimination with respect to this offense?
DEFENDANT: Yes.
THE COURT: Is anyone forcing you to plead guilty?
[7DEFENDANT: No.
[[Image here]]
THE COURT: Did you advise this defendant of his constitutional right to a trial by jury, the right to counsel, the privilege against self-incrimination and the right to plead not guilty?
MR. BONNETTE: Yes, Your Honor.
THE COURT: After advising the defendant of his constitutional rights, did he state that he wished to enter a plea of guilty of his own free will and with full knowledge of the consequences of such a plea?
MR. BONNETTE: Yes, Your Honor.
[[Image here]]
THE COURT: Okay. And the reason I ask you that is I want to make sure that you understand what you’re doing here today. Do you, in fact, understand what you’re doing?
DEFENDANT: I understand.
THE COURT: Do you still wish to enter your plea of guilty.
DEFENDANT: Yes.
THE COURT: Alright. I find that you have knowingly, intelligently, and consciously waive your rights and the plea of guilty is accepted. The sentence of the Court is that you serve twenty (20) years in the Louisiana Department of Corrections, and you’re given credit for any time that you have served prior to today. You’re remanded into the custody of the Sheriff?
The Defendant was made aware of the sentence he would receive. He knowingly and intelligently pled guilty to the charge, and he does not now contest the voluntariness of his plea. Thus, this court is prohibited from reviewing this sentence.
CONCLUSION
For the foregoing reasons, the Defendant’s assignments of error may not be addressed. Consequently, the Defendant’s sentence is affirmed.
AFFIRMED.

. It is not clear from the transcript which one of the charges was amended to attempted manslaughter. The Defendant entered a plea to attempted manslaughter and all other charges were dismissed. The minutes, however, state that the Prosecution amended the armed robbery charge to attempted manslaughter and dismissed the other charges.