# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 03-388


**STATE OF LOUISIANA**

**VERSUS**

**LARRY COLLINS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 62,431
HONORABLE VERNON B. CLARK, PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
### JUDGE


\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks and Billy H. Ezell, Judges.

**AFFIRMED.**

**Asa Skinner**
**Assistant District Attorney**
**P.O. Box 1188**
**Leesville, LA   71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
> **State of Louisiana**

**Laura Pavy**
**Louisiana Appellate Project**
**P.O. Box 750602**
**New Orleans, LA   70175-0602**
**(504) 833-2910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **Larry Collins**

**COOKS, Judge.**

Defendant pled guilty to distribution of cocaine and was sentenced to sixteen years at hard labor, fined $1,500.00 and ordered to pay court costs. He appeals his sentence contending it was excessive. For the following reasons, we affirm.

## FACTS

On December 7, 2001, the Defendant, Larry Collins, distributed cocaine to an undercover officer. Defendant was charged by bill of information with two counts of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A). Defendant initially entered a plea of not guilty, but eventually pled guilty to distribution of cocaine, also a violation of La.R.S. 40:967(A). Defendant was subsequently sentenced to sixteen years at hard labor, to run concurrent to any other sentence he was subject to, with credit for time served. He was ordered to pay a fine of $1,500.00 and court costs. A Motion to Reconsider Sentence was filed and denied by the trial court. Defendant then lodged this appeal contending the sentence imposed was excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Initially, we note there is a problem with the bill of information. The record indicates Defendant was charged with two counts of possession of cocaine with intent to distribute. Defendant entered a plea of guilty to count one of the bill and count two was dismissed as part of a plea agreement. However, the record further indicates the bill was not amended and Defendant pled guilty to distribution of cocaine.

In *State v. Charles*, 02-0443 (La.App. 3 Cir. 10/2/02), 827 So.2d 553, *writ denied*, 02-2707 (La. 3/28/03), 840 So.2d 569, the defendant was charged with distribution of cocaine, but pled guilty to an amended charge of possession with the intent to distribute cocaine, which this court found was a nonresponsive offense. *See*

*also State v. Starks*, 615 So.2d 943 (La.App. 1 Cir. 1993). Defendant, thus, pled guilty to a nonresponsive offense; and this court found it was an error for the State not to amend the bill of information. *See* La.Code Crim.P. art. 814.

In *State v. Richard*, 99-1078 (La.App. 3 Cir. 12/27/00), 779 So.2d 927, this court recognized as error patent the defendant's plea to a nonresponsive crime. In addressing the error, we stated:

> According to this court in *State v. Price*, [461 So.2d 503 (La.App. 3 Cir. 1984)] the State should have amended the bill of information to reflect the Defendant's plea to the nonresponsive offense, which the State did not do in the instant case. However, later, in *State v. Rito*, [96-1444 (La.App. 3 Cir. 10/8/97), 700 So.2d 1169] this court stated that, neither a statute, nor the constitution required the prosecution to amend the bill of information before a defendant can plead guilty to a nonresponsive crime. The court stated:
>
>> It is well settled that a defendant may plead guilty to a crime nonresponsive to the original indictment as long as the district attorney accepts it. La.Code Crim.P. art. 487(B) and *State v. Price*, 461 So.2d 503 (La.App. 3 Cir.1984). Further, the state is not constitutionally or statutorily required to amend the information before the defendant can plead to a nonresponsive offense. *Price*, 461 So.2d 503 (Knoll, J., dissenting).
>
> Nevertheless, the court went on to decide whether the state's failure to amend the bill of information was harmless or reversible error. The court found the first circuit's opinion in State v. Barclay, [591 So.2d 1178 (La.App. 1 Cir. 1991), *writ denied*, 595 So.2d 653 (La.1992)] to be dispositive of the issue. Discussing *Barclay*, the court stated:
>
>> In that case, the defendant was charged by grand jury indictment with aggravated rape but pled guilty to conspiracy to commit aggravated rape. The court espoused the following harmless error principle to uphold the conviction and sentence despite the state's failure to formally amend the bill of information:
>>
>>> [W]here . . . the defendant enters a plea of guilty to a crime nonresponsive to the original indictment when such plea is acceptable to the district attorney, the defendant is fully aware of the charge to which he pleaded as shown by extensive Boykinization, and the plea is not prejudicial to the defendant, any error caused by a failure to formally amend the indictment is harmless.

. . . .

In *Rito*, the court distinguished *State v. Cook*, [372 So.2d 1202 (La.1979)] which found reversible error in the state's failure to amend the bill of information. This court stated:

> We are able to distinguish the Supreme Court case from the instant case because in the former case, the nonresponsive crime to which that defendant pled (simple burglary of an inhabited dwelling) was more serious than the offense he was originally charged with (simple burglary). As a result, the Supreme Court found a flaw, justifying reversal in that case. In contrast, the crime that defendant pled guilty to in this case was less serious than that originally charged with, and the resulting sentence imposed was more favorable to the defendant in this instance.

*Id*. at 929-930 (Footnotes omitted).

Possession with the intent to distribute cocaine and distribution of cocaine are contained in the same statute and carry the same penalty. Our examination of the record reveals the *Barclay* factors were met. The State accepted Defendant's plea, and thoroughly *Boykinized* Defendant. The trial court stated Defendant was pleading guilty to distribution of cocaine and explained the nature of that offense as well as its penalty range. When asked if he understood what he was pleading guilty to and the penalty range, Defendant replied "Yes, sir." Defendant also benefitted from his plea in that one charge was dismissed, no habitual offender bill was filed and at least one-half of his sentence was to run concurrent with a sentence he was then serving. He also received a mid-range sentence of sixteen years. Facing the possibility of a $50,000.00 fine, he was ordered to pay only $1,500.00. Thus, Defendant clearly was not prejudiced and the error is harmless.

We also note the trial court failed to impose the first two years of Defendant's sentence without benefit of parole, probation, or suspension of sentence. La.R.S. 15:301.1(A) and (C) provide that these provisions are self-activating and occur by operation of law. Thus, we find Defendant's sentence is deemed to contain the

restriction pursuant to La.R.S. 15:301.1(A).

## EXCESSIVE SENTENCE

Defendant contends the trial court imposed an excessive sentence. In *State v. Williams*, 02-707, pp. 7-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01, we stated as follows:

La. Const. art. 1, § 20 ensures that "[n]o law shall subject any person to . . . cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable penal goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *State v. Wilson,* 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065(citing *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). When reviewing a sentence, the appellate court must be mindful that the trial court is in the best position to consider the aggravating and mitigating circumstances of each case and that the trial court is given broad discretion in sentencing. *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957. As such, the reviewing court will determine whether the trial court abused its broad discretion, not whether another sentence may have been more appropriate. *Id.*

The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron,* 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, *writ denied,* 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler,* 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.

The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos,* 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson,* 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack,* 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied,* 596 So.2d 209 (La.1992). In addition, the trial court may consider other criminal activity which did not result in a conviction. *State v. Texada,* 98-1647

(La.App. 3 Cir. 5/5/99); 734 So.2d 854, *writ denied,* 00-2751 (La.6/29/01); 794 So.2d 824.

Defendant pled guilty to one count of distribution of cocaine and was sentenced to sixteen years at hard labor, to run concurrent to any other sentence he was subject to serve, with credit for time already served, and ordered to pay a fine of $1,500.00 and court costs. In exchange for his plea, the State dismissed the accompanying charge of possession of cocaine with intent to distribute, agreed to waive the filing of any habitual offender proceedings, and recommended that at least half of any sentence imposed run concurrent to any sentence Defendant was then serving.

At sentencing, the trial court made the following comments:

> All right. The court considered all of this [the Defendant's medical records] as well as reviewed the Article 894.1 factors of the Code of Criminal Procedure and found that the following were applicable: First, this is a drug case and there is significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal controlled dangerous substances. There are no substantial grounds which would tend to excuse or justify his criminal conduct nor did he act under strong provocation by any victims. He's 36 years of age. He's single and has no children. He is in, what I'd classify as, poor health. According to this, he has HIV and some of the complications that are a result of that illness. His vision in one eye is impaired. There are some mental health issues as well, according to the records, and I understand he's also on dialysis at this point.
>
> . . . .
>
> He has no employment record and there's no indication of any work history in the PSI. He has an eleventh grade education and he has a history of drug and alcohol use. He did receive treatment one time, but failed to comply or complete that. He's classified as a third felony offender in this case. His prior record includes juvenile - a juvenile history, in that in 1982, he was convicted of felony theft and given two years Louisiana - at LTI. As an adult, on January 27, 1998 in this court, he was convicted of distribution of marijuana and placed on five years probation. That was revoked. He was given good time parole twice and that was revoked. On September 18th, 1992 in this court, he was convicted of distribution of cocaine and given 18 years Department of Corrections. A good time parole at that time in - January 12th, 2001 was given and that was revoked on February 25th, 2002 and his next scheduled good time date is September 2nd, 2006.

The trial court then sentenced Defendant stating the following:

Considering all of the factors in this case and primarily his health, the court is going to order that this sentence run concurrent - totally in concurrent with any other sentence that he's currently subject to.

. . . .

I think he's going to be in prison for a long enough period of time and there is some, some consideration by this court that he may not make it out of prison because of his health and that's a factor the court considered in this, in this issue of concurrency versus consecutiveness.

Defendant specifically contends that "in view of his dire medical condition - [Defendant] suffers from HIV, undergoes regular dialysis, and has a history of mental health issues - the sentence he received is tantamount to a sentence of life imprisonment." Defendant also argues the trial court and trial counsel misconstrued the charges against him because the bill of information charged him with possession of cocaine with intent to distribute but the trial court sentenced him for distribution of cocaine. Defendant asserts this error "reveals a less than considered process by which [he] received such a grave sentence."

In his Motion to Reconsider Sentence, Defendant merely alleged his sentence was "excessive and improper." Although it is arguable Defendant did not preserve these issues for review, we will review them in the interest of justice. Rule 1-3, Uniform Rules - Courts of Appeal; *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420.

We note the trial court specifically considered the Defendant's HIV status at sentencing. The trial court ran the entirety of the Defendant's sentence concurrent with the sentence he was then serving because of his HIV status and various other health conditions.

Defense counsel recited for the court the charge to which Defendant was entering a guilty plea as follows:

BY MS. NELSON:

-6-

Your Honor, at this time, we would be withdrawing our former plea to count one, bill of information 62,431, charging Mr. Collins with the offense of distribution of cocaine and tender a plea of guilty to that offense, Your Honor.

* * * *

BY MR. SKINNER:

. . . that is correct, Your Honor.

BY THE COURT:

All right. Okay. Is that, is that your plea Mr. Collins?

BY MR. COLLINS:

Yes, sir.

The record establishes the trial court informed Defendant he was pleading guilty to distribution of cocaine and explained the nature of the charge as well as the penalty range. The Defendant indicated he understood the charge and the penalty range. The Waiver of Constitutional Rights and Plea of Guilty form was signed by Defendant, his attorney, an assistant district attorney, and approved by the judge. That form indicates the Defendant was entering a plea of guilty to distribution of cocaine. Furthermore, the recitation of facts at Defendant's guilty plea indicates he sold cocaine to an undercover officer.

Thus, Defendant's contention that the judge did not properly consider his case is not supported by the record. Also, Defendant has failed to show prejudice since the crime of distribution of cocaine and possession of cocaine with intent to distribute carry the same penalty.

Under La.R.S. 40:967(B)(4)(b), Defendant was subject to a sentence from two to thirty years and a possible fine of up to $50,000.00. Defendant was given a mid-range sentence of sixteen years and a fine of $1,500.00. Defendant is classified as a third felony offender, having previously been convicted of distribution of marijuana and distribution of cocaine. However, the State agreed not to file any habitual

-7-

offender proceedings under La.R.S. 15:529.1 or La.R.S. 40:982. Lastly, an accompanying charge of possession of cocaine with intent to distribute was dismissed. Thus, Defendant benefitted significantly from the plea bargain. The trial court did not abuse its discretion in the imposition of Defendant's sentence.

## DECREE

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**