PER CURIAM:
| ¶ Denied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator’s application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. Additionally, relator’s sentencing claims are not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in |22013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Attachment
*233 [[Image here]]
RULING
Currently before the Court is a “Combined Motions to Correct Illegal Guilty Plea, Sentence and Invalid Sentence Under LSA-C. Cr. F. Articles 558, 882, and 872 and Order Setting Date for Contradictory Hearing” (“Motion") filed on March 27, 2015 by CALVIN A. THOMAS (“Petitioner”). For the reasons that follow,'Petitioner’s Motion is DENIED.
Contained within the Petitioner’s “Combined Motions” ase two claims that are substantively the saute. The Petitioner first “contends the trial judge’s finding to be a multiple offender [sic] is erroneous because the State used two separate convictions of Middle Grade Felony Theft as charges to bill him as a multiple offender." Memo p. 3. This is significant, he argues, because “the crime to which tire relator pled guilty is nooresponslve to the original, charge of theft to middle grade felony theft . . . although the state orally moved to amend or agreed to the bill to a charge of middle grade felony theft, our law and jurisprudence requires that the information charging a new offensive [sic] nomesponsivc to lire original indictment most be in writing.” Memo p. 6. In support of his motion, the Petitioner cites a number of cases, including; but not limited to, State v. Breaux, 504 So.2d 1011, State v. Gooden, 523 So.2d 283, and State v. Roark, 870 So.2d 528.
Petitioner’s second claim is also the same, specifically that the district court lacked “jurisdiction over his guilt [sic] pleas." Memop. 7.
However, both of these claims lack merit. Tire Louisiana Supreme Court has expressly overruled the jurisprudence cited by the Petitioner. See State v. Jackson, 2004-2863 (La. 11/29/05), 916 So.2d 1015, 1022 ("Jackson"). Jackson interprets La. Code Cr. Proc. Art. 487B which reads:
Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime uonresponsive to thE original indictment when such a plea is acceptable to the district attorney, and in such ease, the district attorney shell not be required to file a new indictment to charge the crime to which the plea is offered.
la Jackson, the Court said:
The article states that when a defendant wishes to plead guilty to a crime not responsive to that charged in tiro indictment and the *234 district attorney agrees, then nothing contained in the article prohibits the defendant from making such a plea and the district attorney is not required to file a new indictment. The article does not indicate whether the bill can, should, or must be amended. We cannot infer a positive intent from tills silence on the part of the legislature to impose an obligation to amend the bill, particularly an obligation that divests the trial courts of jurisdiction when it is not satisfied and that defeats the wishes and best interests of the defendant in making the plea,
*233 [[Image here]]
*234 Accordingly, the Supreme Court held: “... a trial judge is not without jurisdiction to accept a defendant’s knowing and voluntary guilty nlea simnlv because the nlea is not responsive to that charged in the bill of information and the district attorney has.uatJuneadcd.dic..bi1l.to .conform to ⅛⅞.&»⅝" at 1023.
The Petitioner’s Motion is aiso procedurally invalid. Although Petitioner articulates his motion as a”Motion to Correct Illegal Sentence," the Petitioner’s Motion might more properly be considered a post-conviction relief application. Petitioner argues that the sentence is improper because tire court looked jurisdiction to accept his plea, which is ¿ ground for post-conviction relief. La. Code Crim. Proc. Ann. art. 930.3(2), As such, the Petitioner’s Motion is untimely, “No application for post-conviction relief, including applications which seek an out-of-linte appeal, shall be considered if it is liícd more Ilian two years after the judgment of conviction and sentence has become final.. ,” La. Code Crim. Proc. Ann. art, 930.0(A). The Petitioner’s Motion neither alleges nor proves any exceptions apply that would exclude his application for post-conviction relief from the time limitation. While Petitioner might style his application as a “Motion to Correct Illegal Sentence,’ that does not change the. substance of his application.
Accordingly, tlris Motion is DENIED, Tire Cleric nf Court is directed fo provide a copy of this Ruling to the District Attorney and Petitioner.
[[Image here]]