KENNETH J. FOGG, Judge Pro Tem.
Todd Collins was charged by bill of information with distribution of cocaine and possession with intent to distribute cocaine, both violations of La.R.S. 40:967. He pled not guilty and, after trial by jury, was convicted as charged. The court sentenced him on each count to serve a term of fifteen years imprisonment at hard labor, with credit for time served, to run consecutively. Collins has appealed, urging three assignments of error. In assignment of error number three, he asks that the record be reviewed for the existence of patent error. Such a request is unnecessary as this Court routinely reviews all criminal appeal records for patent error. See La. C.Cr.P. art. 920(2). After reviewing the instant record, we have found no reversible patent errors.
On June 20, 1990, Collins sold three rocks of crack cocaine to an undercover agent in Lafourche Parish. Pursuant to an exchange agreement, an agent from the St. Mary Parish Sheriff’s Office temporarily worked undercover for the Lafourche Parish Drug Task Force. At about 9:20 p.m., a confidential informant introduced the agent to Collins as a friend. The introductions took place on the street in a residential neighborhood in Raceland. The agent asked Collins if he had anything for sale. Collins replied, “Yes; some twenties,” indicating to the agent that he had crack cocaine available for $20.00 per rock. When the undercover agent told Collins he wanted three rocks, Collins removed a matchbox *782 from his pocket and gave the agent three rocks from the matchbox. In return, the agent gave Collins $60.00. Later, the agent selected Collins’ photograph from a photographic display as being the person who sold him the cocaine.
Because the agent’s undercover assignment was not complete, Collins was not arrested immediately. On July 20, 1990, two detectives with the Lafourche Parish Sheriff’s Office received information concerning Collins’ whereabouts in Raceland. After locating him, one of the agents told Collins he was under arrest. Collins fled; but the agent caught up with him and, after a struggle in a ditch, subdued him. During the struggle, officers saw a matchbox in Collins’ hand. After the struggle, the matchbox was seized from the ditch. The matchbox contained twenty-six rocks of cocaine. The authorities also seized $455.00 in cash from Collins’ person.
Subsequent testing at the Louisiana State Police Crime Laboratory confirmed that the three rocks sold by Collins to the undercover agent and the twenty-six rocks found in the matchbox at the time of the arrest contained cocaine.
In assignment of error number one, Collins argues the sentences imposed upon him are excessive. He maintains the court gave no reasons in support of the conclusions reached under La.C.Cr.P. art. 894.1. In assignment of error number two, Collins asserts the court erred in the imposition of consecutive sentences. In response, the state argues the trial court properly imposed consecutive sentences and was not required to give any particular justification for the consecutive sentences.
The penalty for both distribution of cocaine and possession of cocaine with intent to distribute is imprisonment at hard labor for not less than five years and not more than thirty years and a fine of not more than fifteen thousand dollars. La.R.S. 40:967(B)(1). Thus, Collins’ sentences of fifteen years imprisonment at hard labor on each count comply with the statutory requirements.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992).
Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. Article 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. Waguespack, 589 So.2d at 1086.
Before imposing sentence, the trial court reviewed Collins’ criminal record. Collins was convicted of criminal mischief in 1982, misdemeanor theft in 1983, simple burglary in 1983, and simple burglary in 1985. His testimony at the trial indicated that, on the dates the instant offenses were committed, he was on parole. The court concluded that previous incarcerations had made no impression upon Collins and that he would commit another crime if placed on probation. The court also believed Collins was in need of correctional treatment and a lesser sentence would deprecate the seriousness of the crimes. The court-noted that Collins’ conduct in selling drugs threatens harm to “the entire structure of our society.” Because both Collins and his wife were employed at the time the offenses occurred, the court found no grounds to excuse or justify his conduct. The court considered the mitigating factor *783 that imprisonment would pose a hardship on Collins and his family. In conclusion, the court observed that Collins was “so bold and so brave” to possess cocaine on the date of his arrest, considering a big narcotics raid had occurred just a couple of days earlier in the same neighborhood.
Considering these statements of the trial court, we find the court adequately complied with the requirements of article 894.1. We also find the sentences imposed are not excessive. Collins claims the court was not justified to assume he had known about the raid. However, details provided by Collins during his testimony at the trial indicate he had known about the raid before he was found in possession of the twenty-six rocks of cocaine. Considering Collins’ criminal record and the extensive reasons for sentencing given by the trial court, we find no abuse of discretion in the length of the sentences imposed. Assignment of error number one is without merit.
In the second assignment of error, Collins asserts the court erred in imposing consecutive sentences. Although none of the individual sentences imposed by a trial court may be excessive, the imposition of consecutive sentences may be so grossly disproportionate to the crimes committed as to shock our sense of justice. See State v. Cann, 471 So.2d 701, 703-04 (La.1985). The imposition of consecutive sentences is governed by article 883 of the Code of Criminal Procedure:
If the defendant is convicted of two or more offenses based on the same act or •transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently....
The imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. State v. Buie, 477 So.2d 157, 166 (La.App. 1st Cir.1985).
In the instant case, the act of distribution of cocaine and the later act of possession with intent to distribute cocaine were not based on the same act or transaction, nor were they parts of a common scheme or plan. The offenses occurred on different dates; and Collins’ offense of possession with intent to distribute cocaine on the date he was arrested for the earlier offense was unrelated to the earlier act of distribution. Thus, the two offenses did not arise from a single course of conduct and a particular justification was not required for imposition of consecutive sentences. See State v. Reed, 499 So.2d 132, 139-40 (La.App. 2d Cir.1986). See also State v. Pruitt, 474 So.2d 491, 493 (La.App. 4th Cir.1985).
Accordingly, our review of the consecutive nature of the sentences is governed by article 894.1 and we must determine if the consecutive sentences are grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. See Reed, 499 So.2d at 139-40. After reviewing the reasons cited by the court, we find no abuse of discretion in the sentences imposed by the trial court. Furthermore, even if the two counts had been part of the same transaction, the trial court was justified, under article 883, in imposing consecutive sentences. By committing these acts while on parole, Collins showed' his propensity as a repeat offender.
Assignment of error number two is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.