JiCOOKS, Judge.
Charles Bates appeals his conviction for distribution of cocaine, in violation of La.R.S. 40:967, and his sentence of twenty (20) years at hard labor. Finding no merit in his assignments of error, we affirm defendant’s conviction and remand for resentencing.
FACTS
The following facts were adduced at trial and are undisputed by Charles Bates. On November 13, 1992, Bates twice sold crack cocaine to undercover agents who were conducting a sting operation in Ferriday. At trial, he admitted passing drugs from another man to the officers and giving money received from the officers to that same man. *1243 While testifying, Bates made statements concerning his inability to discern the impropriety of his actions because he was allegedly high on cocaine at the time. However, when asked, “[D]id you sell any drugs to Mr. Bou-dreaux?,” Bates responded, “I was using dope and I gave it to him_” Later testimony revealed 12Bates “passed” cocaine to an undercover buyer twice that day. Accordingly, the jury convicted Bates of two counts of distributing cocaine. Before sentencing, Bates was adjudged an habitual offender and he was sentenced to a twenty-year prison term on each charge, to run concurrently.
Following the filing of a pro se motion, a new sentencing hearing was held on May 3, 1995, at which the previously imposed sentences were vacated. However, the trial court again found Bates was a multiple offender and again sentenced him to twenty years at hard labor.[1] He now appeals his conviction and sentence, submitting the following assignments of error:
1. The evidence at trial was insufficient to convict him of the charged offenses.
2. He had ineffective assistance of counsel at trial.
DISCUSSION
Bates contends his conviction should be reversed because the state failed to present sufficient evidence proving his guilt beyond a reasonable doubt. In reviewing sufficiency charges, this court must determine whether, when viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found that the prosecution proved beyond a reasonable doubt that the defendant committed acts necessary to constitute every element of the offense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Specifically, Bates asserts the prosecution failed to offer “any testimony of the scientific analysis to the jury for them to determine whether the test resulted positive or negative.... As far as the jury actually knew, [the substance Bates sold] could have been peanut butter.” Although a colorful analogy, Bates statement is simply not true. 13At trial, Officer Robert Bruce, the Evidence Control Officer of the Concordia Parish Sheriffs Department, testified that several items seized in the case were presented for testing as possible illegal drugs. He further testified that chemical lab reports showed that these substances contained cocaine. The drug and analysis reports were among the State’s exhibits introduced into evidence. On the other hand, defense counsel offered no evidence which cast doubt on the results of the tests on the items sold to the undercover agents by Bates. Certainly, a rational trier of fact could have found the essential elements of the alleged crime proven beyond a reasonable doubt. See State v. Spencer, 96-248 (La.App. 3 Cir. 11/6/96); 683 So.2d 1326, writ denied, 96-2938 (La.5/9/97); 693 So.2d 773. Thus, we find Bates’ first assignment is without merit.
As his second assignment, Bates claims his attorney was so incompetent as to deprive him of his constitutional right to counsel. The second assignment is based on Bates’ trial counsel’s failure to move for a new trial or an acquittal because of the alleged lack of proof that the substances he sold contained illegal drugs. In light of our discussion of his first assignment, we find his secondary averment equally without merit. Because there was sufficient evidence that Bates sold cocaine, there was no reasonable basis for his lawyer to motion the court as Batés suggests.
Next, we turn to consider errors patent in the record. As previously noted, Bates was resenteneed on May 3, 1995, but was sentenced to only one term of twenty (20) years. Under La.Code Crim.P. art. 879, the trial court should have imposed a determinate sentence for each charge. Accordingly, we remand this matter for resentencing on each count on which Bates was convicted.
Also, although the minutes of sentencing reflect that Bates was informed of the three-year time limitation for seeking post-conviction relief, the transcript does not show Bates was so informed. Because that period restarts once a defendant is granted Ran out-of-time appeal, the district court, on *1244 remand, is directed to inform Bates of the pertinent provisions. See State ex rel. Campbell v. Whitley, 93-0677 (La.10/27/95); 661 So.2d 1367.
DECREE
Finding no merit in his assignments of error, we affirm defendant’s conviction. However, finding an error patent in the sentence, we remand for resentencing.
AFFIRMED and REMANDED WITH INSTRUCTIONS.

. At that time, the trial court erroneously failed to sentence him on each of the two counts.