^THIBODEAUX, Judge.
Randy Bourque was charged by bill of information filed on August 19, 1998 with distribution of marijuana in a school zone and possession with intent to distribute in a school zone. The State orally amended the bill to reflect second offense charges which increased Mr. Bourque’s sentence exposure. Represented by counsel, Mr. Bourque pled guilty to the amended charges and was sentenced to concurrent fifteen year sentences at hard labor on each charge.
| ¡¡Mr. Bourque now appeals his sentence asserting that he did not voluntarily waive his constitutional rights, he was not properly advised of his rights under Boykin, and that his sentence was excessive and in violation of sentencing guidelines.
We find that Mr. Bourque’s waiver was knowing and intelligent, he was properly Boykinized, and his sentence was proper. We, therefore, affirm.
I.

FACTS

On May 28, 1998, Mr. Bourque distributed marijuana to undercover police agents at the home he shared with Eva Bonin in New Iberia, Louisiana. New Iberia Police Officers executed a search warrant at the home on July 8, 1998, after monitoring a controlled buy of marijuana from Bourque and Bonin. The officers found marijuana paraphernalia, the $50.00 from the controlled buy which had been photocopied, and $1,160.00 cash. After being arrested and advised of his rights, Mr. Bourque confessed to selling drugs in their home. The home where the illegal drug transactions took place is within one thousand (1000) feet of property used for school purposes.
Mr. Bourque had previously been convicted of possession of marijuana, first offense, in 1993. His plea agreement form indicated that his plea was open-ended and the two sentences were to run concurrently. A pre-sentence investigation was prepared and submitted to the court prior to sentencing.
On January 26, 1999, Mr. Bourque was sentenced to fifteen years at hard labor on each count, to run concurrently, with credit for time served. He filed a Motion to Reconsider Sentence on February 25, 1999 which was denied by the trial |3court without hearing or reasons on March 3, 1999. A Motion for Appeal was filed February 25, 1999 and granted on March 5, 1999.
II.

ERRORS PATENT

Criminal appeals are reviewed for errors patent on the face of the record pursuant to La.Code Crim.P. art. 920. Our review of the record reveals an error patent.
We find that Mr. Bourque pled guilty to offenses that are not responsive to the offenses originally charged. Since the State amended the charges against Mr. *737 Bourque to reflect second offender charges, Mr. Bourque’s guilty pleas were non-responsive to the original charges. Additionally, although the State orally amended the bill at the guilty plea, no written amendment was made.
This Court held in State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984), appeal after remand, 517 So.2d 858 (La.App. 3 Cir.1987), that the State should amend the bill of information to reflect a defendant’s plea to nonresponsive offenses. We subsequently opined in State v. Rito, 96-1444 (La.App. 3 Cir. 10/8/97); 700 So.2d 1169, that the prosecution is not required either by statute or the constitution to amend the bill of information before a defendant can plead guilty to a crime.
We recognize that although the State accepted Mr. Bourque’s plea and the trial court thoroughly Boykinized him of the rights he was waiving by pleading guilty and advised him of the nature and penalty ranges of the charges to which he was pleading, Mr. Bourque could have been prejudiced by the plea since the possible penalty range for the enhanced amended charges was greater than for the original charge. The penalty range for distribution of marijuana and for possession with intent to distribute is five to thirty years at hard labor and a fine of up to $50,000.00. The Rpenalty range for a first conviction under La.R.S. 40:981.3, possession with intent .to distribute in a school zone, was a mandatory fine of $50,000.00 and imprisonment of fifteen to thirty years, with the first fifteen being served without benefit of probation, parole or suspension of sentence. Under La.R.S. 40:982, the penalty for a second or subsequent offense is enhanced, making Mr. Bourque’s potential sentence on each count an optional fine of up to $100,000.00 and imprisonment of ten to sixty years.
We find that although the penalty range for the amended charge of second offense was greater than that of the original charge, the Defendant was not prejudiced by the amendment. He was fully advised of the charges to which he was pleading and the penalty ranges for those charges. Further, the State agreed’ that the sentences would run concurrently. Mr. Bo-urque received the minimum sentences he could have received under the offenses originally charged and his eligibility for parole was not restricted. Under the facts of this case, any error in Mr. Bourque’s pleading to non-responsive charges was harmless.
III.

ASSIGNMENTS OF ERROR

Mr. Bourque asserts that the trial court failed to advise him of his constitutional rights and failed to ascertain whether he voluntarily and freely waived his constitutional rights. Specifically, he argues that the colloquy of the trial court failed to inform him of his right against self-incrimination, right to representation by a court-appointed attorney, right to have witnesses available to compulsory process and the right of post-conviction relief as required under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He urges the court to consider his “very limited education and understanding of his fundamental rights” when evaluating the validity of his plea.
|sThe Boykinization transcript reveals that the trial court properly advised Mr. Bourque of all of his rights under Boykin, including the rights that he claims were omitted. This assignment of error is without merit.
We now consider whether Mr. Bourque is entitled to augmented constitutional protections as a result of his alleged intellectual incompetence. The record shows that the trial court inquired into his educational and employment history. Mr. Bourque responded that he had a sixth-grade education and could neither read nor write. He stated that he had previously worked in the roof and crab trap businesses. In response to the trial court’s inquiry, Mr. Bourque confirmed that he had spent suffi *738 cient time with his attorney to understand his rights. The trial court explained the charges, the plea agreement, and the Defendant’s rights. He avowed to the trial court that he understood all of these. Additionally, the Defendant’s attorney confirmed that his communications with the Defendant were mostly oral and that he felt the Defendant understood his rights.
A defendant’s education and background are among factors considered by an appellate court in determining whether a waiver was knowing and intelligent. State v. DeRouche, 96-1376 (La. 11/8/96); 682 So.2d 1251. After considering Mr. Bourque’s situation, we find that the trial court properly informed Mr. Bourque of his rights and the charges and that Mr. Bourque’s waiver was voluntarily. We expressly reject this Defendant’s contention that his failure to complete his education and his change of occupation from roofing and crabbing to drug dealing should elasticize the constitutional guarantees and rights afforded all citizens. Low intelligence or illiteracy do not automatically vitiate the ability to knowingly and intelligently waive constitutional rights. State v. Brown, 414 So.2d 689 (La.1982); State v. Green, 94-887 (La.5/22/95); 655 So.2d 272.
|Jn his next assignments of error, Mr. Bourque contends that his sentences were excessive and that the trial court failed to apply the sentencing guidelines found in La.Code Crim.P. art. 894.1.
As discussed above, Mr. Bourque received the minimum sentence for each charge and these sentences were made to run concurrently. Thus, we find the argument that the sentences were excessive to be without merit.
The guidelines and factors a judge should consider when making a sentence determination are set forth in La. Code Crim.P. art. 894.1. The court is required to state for the record the considerations taken into account and factual basis used when imposing the sentence. Although the trial court is not required to refer to every aggravating and mitigating circumstance, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
The trial court considered both the testimony at the sentencing hearing and the pre-sentence investigation report before imposing the sentences. Our review of the record reveals that the trial court considered Mr. Bourque’s mitigating circumstances as well as the aggravating circumstances. Mr. Bourque received low-end sentences that are commensurate with rather than grossly disproportionate to the severity of his offenses. We find that the sentences were not excessive.
IV.

CONCLUSION

For the foregoing reasons, we affirm Mr. Bourque’s convictions and sentences.
AFFIRMED.