827 So.2d 553 (2002)
STATE of Louisiana
v.
Herbert CHARLES, Jr.
No. 02-0443.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*554 J. Phillip Haney, District Attorney, New Iberia, LA, for Appellee, State of Louisiana.
*555 Kathy Flynn Simino, Manasseh & Gill, Baton Rouge, LA, for Appellant/Defendant, Herbert Charles, Jr.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS and MARC T. AMY, Judges.
AMY, Judge.
Pursuant to a plea agreement, the defendant entered pleas of guilty to two counts of armed robbery and one count of possession of cocaine with the intent to distribute. The trial court sentenced the defendant to concurrent terms of twenty-five years at hard labor for the armed robbery convictions and a fifteen-year term at hard labor for the possession of cocaine with the intent to distribute to be served consecutively with those for the armed robbery convictions. The defendant appeals, alleging that his attorney was ineffective and that the sentences imposed are excessive. We affirm.

Factual and Procedural Background
The convictions of the defendant, Herbert Charles, Jr., are based on an incident of selling crack cocaine to an undercover officer in New Iberia, Louisiana, on April 15, 1993 and the armed robberies of two individuals which occurred on March 3, 1994. The convictions resulted from a plea agreement involving a number of charges against the defendant.
On June 14, 1993, Mr. Charles was charged in Iberia Parish by bill of information with two counts of distribution of a controlled substance, Schedule II, violations of La.R.S. 40:967. The matter was assigned docket number 94-667. Also in Iberia Parish, the defendant was charged with aggravated battery under docket number 94-272. On April 21, 1994, the defendant was charged in St. Martin Parish by bill of information with two counts of armed robbery, violations of La.R.S. 14:64. The matter was assigned docket number XX-XXXXXX.
The armed robbery charges proceeded to trial and, after three days of jury selection, the defendant entered into a plea agreement with the State. The defendant agreed to plead guilty to the two counts of armed robbery and a reduced charge of possession of a controlled dangerous substance with intent to distribute. The State agreed to dismiss the remaining count of distribution of a controlled dangerous substance and the aggravated battery charge. It was agreed there would be a cap of twenty-five years on each of the sentences for the armed robbery convictions and that they would be served concurrently. No cap was to be placed on the sentence imposed on the conviction for possession with intent to distribute a controlled dangerous substance. It was left to the trial court's discretion as to whether the sentence for the possession with intent to distribute charge would be served concurrently or consecutively. The State also reserved the right to use facts arising from the dismissed charges at the sentencing in order to enhance any penalties. The defendant waived venue for purposes of the plea and pleaded guilty in St. Martin Parish. The trial court ordered a pre-sentence investigation report to be completed.
The defendant was sentenced on May 17, 1995, to twenty-five years at hard labor on each of the convictions for armed robbery, without benefit of parole, to be served concurrently, and fifteen years at hard labor on the conviction for possession with intent to distribute a controlled dangerous substance, to be served consecutive to the sentences for armed robbery. The record contains no indication that the defendant filed a motion to reconsider his sentences following the sentencing hearing.
*556 In June 1995, a motion for an appeal was filed under docket number XX-XXXXXX, that relating to the armed robbery convictions, and a return date of September 7, 1995, was ordered by the trial court.[1] In October 1995, two assignments of error were filed with the St. Martin Parish Clerk of Court's Office, alleging excessive sentences. However, no further action was taken in that matter. In May 1997, after the defendant inquired as to the status of the appeal, this court informed the defendant there was no filing on his behalf.
In December 1997, under docket number XX-XXXXXX, defendant filed an application for post-conviction relief. In his application, the defendant alleged he was found guilty "premised upon the fact of the State's failure to inform petitioner of essential elements surrounding the offense charged and pleaded to." He also alleged excessive sentences and insufficient evidence to sustain the convictions. On January 8, 1998, the trial court ordered the District Attorney's Office to file an answer to defendant's application. The record contains no indication that a response was filed.
No further action was taken by the defendant or the trial court until October 11, 2001, when the defendant filed a motion to set time delays under docket number XX-XXXXXX, based upon the fact that no action had been taken on his appeal. On the same date, the defendant filed a motion for an out-of-time appeal under docket number 94-667, which was granted on December 4, 2001. In January 2002, the trial court ordered the two appeals consolidated.
In his brief to this court, the defendant argues that his trial attorney was ineffective in failing to file a motion to reconsider sentence. He also contends that the sentences imposed are excessive and that the trial court erred in failing to articulate for the record the factors considered in imposing sentence.

Discussion

Errors Patent
As is required by La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. Our review indicates two errors patent.
The first error concerns the defendant's plea to a non-responsive offense. The defendant was originally charged with two counts of distribution of cocaine. At the guilty plea proceeding, prior to the acceptance of the pleas, the prosecutor informed the court that he needed leave of court to file an amended bill to charge the defendant with one count of possession with intent to distribute. The remaining distribution charge would be dismissed. Defense counsel explained that he had no objections to the State amending the bill. By letter dated June 12, 2002, the Clerk of Court's Office for the Parish of Iberia informed this court that the record does not contain an amended bill.
La.Code Crim.P. art. 487(B) provides:
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
In State v. Cook, 372 So.2d 1202 (La. 1979), the Louisiana Supreme Court considered a defendant's guilty plea to a crime *557 nonresponsive to the offense charged. The supreme court observed that it "does not prohibit a defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney." Id. at 1204-05 (footnote omitted). It continued, explaining that the "district attorney need only amend the indictment; he is not required to file a new indictment to charge the crime to which the plea is offered." Id. at 1205. In Cook, the supreme court observed that the district attorney neither amended the bill of information, nor filed a new bill of information. Therefore, it was found that the trial court did not have jurisdiction to accept the guilty plea. The plea was found to be invalid and was set aside. Referencing Cook, a panel of this court reached the same result in State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984), a case in which a plea to a nonresponsive offense was obviously acceptable to the district attorney as evidenced by the plea transcript, but to which no amendment was made.
The instant matter differs from the cases before the supreme court in Cook. Here, the plea was not only acceptable to the district attorney, but the district attorney requested leave of court to amend the bill of information. This matter further differs from Cook in that, here, the defendant entered a plea to a less serious offense than that charged. In Cook, the defendant entered a plea to a more serious offense. With regard to the oral amendment, the district attorney stated:
THE STATE: (PHIL HANEY):
Your Honor, I hate to interrupt you, I'll make an appearance. Phil Haney for the District Attorney's Office. Just to clarify that charge, Mr. Charles is actually charged under that docket number with two counts of Distribution of Cocaine. I need to have leave of court to file an amended bill to charge him with Possession with Intent to Distribute. But we will dismiss the second charge that we're not amending, which is distribution. We will dismiss that charge. There are two counts on that docket number but we will amend one and dismiss the other. I assume the offense, Mr. McHugh
THE COURT:
Do you have any objections?
THE STATE: (MR. HANEY)
Do you have any objections to the amending of the Bill?
MR. MCHUGH:
No, Your Honor.
THE COURT:
So it was stated correctly?
THE STATE: (MR. HANEY)
Yes, sir, it's stated. I just wanted to make sure that the docket is two counts of distribution but we're amending one.
Although the minutes of the plea hearing report that an amendment was made, the record does not further demonstrate that a formal, written amendment of the bill of information was filed.
In any event, the failure to formally file an amended bill of information is, at most, harmless error in this case. See State v. Bourque, 99-706 (La.App. 3 Cir. 2/2/00); 757 So.2d 735 and State v. Barclay, 591 So.2d 1178 (La.App. 1 Cir.1991), writ denied, 595 So.2d 653 (La.1992), wherein a panel of this court and the first circuit have utilized a harmless error analysis in considering an oral amendment of a bill of information. In the present case, we note that the State accepted the defendant's plea, the defendant was thoroughly Boykinized and apprized of the elements as well as the penalty range for possession with intent to distribute cocaine. Finally, the plea to the reduced charge did not prejudice the defendant. Given the presence *558 of these factors, we conclude that any error was harmless. See Barclay, 591 So.2d 1178.
The second error resulted when the trial court improperly informed the defendant of the commencement of the time period for filing applications for post-conviction relief. At the May 17, 1995 sentencing hearing, the trial court stated that the defendant had "three years roughly from today's day to file an application...." La.Code Crim.P. art. 930.8 states that the period for filing an application for post-conviction relief begins to run when the conviction and sentence become final. The period for filing an application for post-conviction relief started anew when the defendant was granted an out-of-time appeal.[2]State v. Bates, 95-798 (La. App. 3 Cir. 7/1/98); 715 So.2d 1242. The time period for filing post-conviction relief was amended by Act 1262 of the 1999 Regular Legislative Session. The prescriptive period was changed from three years to two years. This prescriptive period applies retroactively. See Louisiana ex rel. et al v. Glover, 93-2330, 94-2101, 94-2197 (La.9/5/95); 660 So.2d 1189. See also State ex rel. v. Boles, 99-662 (La.App. 5 Cir. 11/10/99); 750 So.2d 1059, writ denied, 00-2959 (La.8/24/01); 795 So.2d 325. Accordingly, we remand this matter and instruct the trial court to inform the defendant of the two-year prescriptive period provided for in La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. We further instruct the trial court to file written proof of the defendant's receipt of the notice in the record of the proceedings. See State v. Courtney, 99-1700 (La.App. 3 Cir. 5/3/00); 761 So.2d 112.

Timeliness of Appeal
We also address the State's contention in its brief that the defendant's application for post-conviction relief, requesting an out-of-time appeal, was untimely pursuant to La.Code Crim.P. arts. 930.8 and 914. Thus, the State contends, this court should not consider the current appeal. Although the defendant's appeal on the armed robberies was granted in June 1995, the State does not allege that the failure to perfect this appeal was imputable to the defendant. According to La.Code Crim.P. art. 917, any error by the clerk in this regard will not be viewed as prejudicial to the right to appeal unless it is imputable to the defendant. Therefore, the State has not shown that the appeal in 02-444 is improper. We also consider the State's argument as to the remaining appeal, 02-443.
La.Code Crim.P. art. 930.8 provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922....
Article 914(B) states, in pertinent part: "The motion for appeal must be made no later than: [F]ive days after the rendition of the judgment or ruling from which the appeal is taken...." The judgment imposing the defendant's sentences became final in May 1995. The defendant filed the application for post-conviction relief requesting an out-of-time appeal on October 11, 2001, more than six years after the sentences became final.
*559 The record indicates that the trial court may have erred when it granted the defendant's application for post-conviction relief. As noted, the application for the out-of-time appeal was filed on October 11, 2001, and granted on December 4, 2001, without conducting an evidentiary hearing. See State v. Counterman, 475 So.2d 336 (La. 1985). However, the State failed to timely seek review of the trial court's ruling. La. Code Crim.P. art. 930.6(B). See also, Uniform Rules, Courts of Appeal, Rule 4-3, which requires the notification of intent to seek review to be filed within thirty days from the date of the ruling at issue.
As the State failed to seek review of the issue in a timely fashion, and raises it for the first time in their brief to this court, we find they are now precluded from objecting to the trial court's grant of the defendant's application for post-conviction relief requesting an out-of-time appeal.

Ineffectiveness of Counsel
In his first assignment of error, the defendant contends that his trial counsel was ineffective in that motions to reconsider sentences were not filed. The defendant contends that had his defense counsel made or filed a motion for reconsideration, there was a reasonable probability that his sentences would have been reduced. In the defendant's second assignment of error, he asserts the sentences are constitutionally excessive, and that the trial court failed to adequately consider the guidelines as required by La.Code Crim.P. art. 894.1.
Failure to make or file a motion to reconsider within thirty days of the imposition of the sentence precludes a defendant from challenging the sentence on appeal. La.Code Crim.P. art. 881.1. This court has held that failure to file a motion to reconsider the sentence does not necessarily constitute ineffective assistance of counsel. State v. Texada, 98-1647 (La. App. 3 Cir. 5/5/99); 734 So.2d 854. However, if a defendant can show a reasonable probability that, but for defense counsel's error, his sentences would have differed, a basis for an ineffective assistance claim may be found. Id. Furthermore, in State v. Francis, 99-208, p. 10-11 (La.App. 3 Cir. 10/6/99); 748 So.2d 484, 491, writ denied, 00-0544 (La.11/13/00); 773 So.2d 156, a panel of this court held:
A claim of ineffective assistance of counsel is properly raised in an application for post-conviction relief. This allows the trial judge an opportunity to order a full evidentiary hearing on the matter. State v. Burkhalter, 428 So.2d 449 (La.1983). However, where the record contains evidence sufficient to decide the issue and the issue is raised by an assignment of error on appeal, it may be considered. State v. James 95-962 (La. App. 3 Cir. 2/14/96); 670 So.2d 461.
The record in the present case is sufficient to decide the issue, we, therefore, first address the defendant's second assignment of error to determine whether there was a reasonable probability the sentences would have been reduced.
The defendant argues that the two concurrent twenty-five-year sentences and the fifteen-year sentence are excessive in that each sentence exceeded the designated range provided in the sentencing guidelines report and that the trial court erred when it imposed excessive consecutive sentences and failed to articulate for the record the considerations for the consecutive application of the sentences.
We first observe that, by operation of La.Code Crim.P. art. 881.2(A)(2), the defendant is precluded from seeking review of the two concurrent twenty-five-year sentences for the armed robbery convictions entered pursuant to the plea agreement. Article 881.2(A)(2) provides *560 that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In the present case, the defendant pleaded guilty to the two counts of armed robbery and a single count of possession with intent to distribute a controlled substance. In exchange for the pleas, the State agreed the sentences would be served concurrently, and there would be a cap of twenty-five years on any sentence imposed on each armed robbery conviction. The Louisiana Supreme Court has held that "it is clear the legislature intended La.C.Cr.P. art. 881.2(A)(2) to apply to plea agreements involving both specific sentences and sentencing caps." State v. Young, 96-0195, p. 5 (La.10/15/96); 680 So.2d 1171, 1174. Therefore, the defendant is precluded from challenging the two twenty-five-year sentences imposed on the armed robbery convictions.
The defendant also asserts that the sentence of fifteen years on his conviction for possession with intent to distribute a controlled dangerous substance is, in itself, excessive, and it is particularly so in light of the fact it was ordered to be served consecutively with the two concurrent twenty-five-year sentences, resulting in a total term of imprisonment of forty years at hard labor. The defendant further asserts the trial court failed to articulate a sufficient factual basis for the imposition of the consecutive sentence.
With regard to the question of whether sentences are to be imposed concurrently or consecutively, La.Code Crim.P. art. 883, provides, in part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
Our review indicates that although the defendant pleaded guilty to the three offenses on the same date, the crime of possession with intent to distribute a controlled dangerous substance occurred on a different date and under different circumstances than the crimes which resulted in the concurrent sentences of twenty-five years. Therefore, the trial court did not err when it ordered a consecutive sentence. Furthermore, the trial court was not required to articulate a particular justification for the imposition of a consecutive sentence. State v. Collins, 612 So.2d 780 (La.App. 1 Cir.1992), writ denied, 614 So.2d 1255 (La.1993).
Turning to the question of whether the sentence for possession with intent to distribute was excessive, the trial court noted that it was deviating from the sentencing guidelines. The defendant pleaded guilty to possession of crack cocaine with the intent to distribute in violation of La.R.S. 40:967(A)(1). La.R.S. 40:967(B)(1), at the time the defendant was sentenced, provided, in pertinent part, that "any person who violates Subsection A ... shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years...." The defendant was sentenced to fifteen years at hard labor, one half of the possible term of imprisonment required by statute. In reasons for ruling, the trial court acknowledged that the applicable sentencing guidelines prescribed "a minimum of 102 months, the maximum of 132 months." The State argued at the sentencing hearing that there were aggravating circumstances supporting deviation from the recommended sentencing range.
*561 At the hearing, the State presented three witnesses: Ron J. Sonnier, an officer with Iberia Parish Sheriffs Office, Joseph Etienne, an undercover narcotics officer with the Iberia Parish Sheriffs Office, and Christopher Williams, the victim of the dismissed charge of aggravated battery. Both officers testified that the defendant was actively involved in the distribution of crack cocaine in Iberia Parish. Officer Etienne testified that on two occasions he purchased crack cocaine from the defendant during undercover operations. At the hearing, the defendant denied he ever sold drugs. Furthermore, Williams testified that he was seriously injured when, in December 1993, the defendant shot him in the stomach with a shotgun. He further stated that in February or March of 1994, the defendant threatened him again with a handgun.
At the sentencing hearing, the trial court stated:
The sentencing guideline report indicates defendant's crime seriousness level with respect ... to Possession with Intent to Distribute Cocaine is 3-G ... [o]n a consecutive sentence, a minimum of 102 months, the maximum of 132 months.
. . . .
Section 12, the offender was persistently involved in similar offenses not already considered as criminal history or is a part of a multiple offender adjudication. Section 15, the defender [sic] was aa controlled dangerous substance. The offense was a controlled dangerous substance offense and the offender obtained substantial income or resources from ongoing drug activities. Section 19, other relevant aggravating circumstances which distinguish the case, this case, from the typical of the offense of convictions, or offenses of convictions in this case.
. . . .
In connection with the conviction on Possession with Intent to Distribute Cocaine, the Court imposes a sentence of 15 years at hard labor against the defendant and orders that he be committed to the custody of the Department of Safety and Corrections for the execution of this sentence. The sentence of Possession with Intent to Distribute Cocaine shall be served consecutive to the sentences of Armed Robbery, two counts of Armed Robbery.
On review, the question is not whether another sentence would have been more appropriate, but whether the trial court abused its discretion when it imposed the sentence. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Furthermore, "[t]he trial judge may take into consideration the fact that the Defendant's actions were more serious than the conviction reflects." State v. Garner, 99-160, p. 5 (La.App. 3 Cir. 6/2/99); 741 So.2d 771, 774. We are also mindful that "[a] plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing." State v. Bates, 29,252, p. 11 (La.App. 2 Cir. 1/22/97); 711 So.2d 281, 287.
In exchange for the defendant's guilty plea, the State agreed to dismiss one count of distribution of a controlled dangerous substance, which exposed the defendant to an additional potential term of imprisonment of thirty years. Furthermore, a conviction for aggravated battery would have exposed the defendant to an additional ten years at hard labor, possibly to be served consecutively. See La.R.S. 14:34; La. Code Crim.P. art. 883. In addition to the sentencing ranges associated with the dismissed charges, the sentencing ranges possible for those offenses for which the defendant *562 was convicted were considerable. Namely, La.R.S. 14:64 contains a sentencing range of up to ninety-nine years for the armed robbery convictions, alone. Due to the plea agreement, the defendant's exposure was dramatically reduced by the plea agreement to a maximum of sixty-five years, of which the defendant received a total term of imprisonment of forty years.
Considering the circumstances and factual basis articulated by the trial court at the time of the defendant's sentencing, we do not find that the trial court abused its considerable discretion when it deviated from the sentencing guidelines and sentenced the defendant to a total term of imprisonment of forty years at hard labor. Therefore, defendant failed to show a reasonable probability that, but for counsel's error, his sentences would have been different had defense counsel made a timely objection to the sentences. Accordingly, these assignments have no merit.

DECREE
For the foregoing reasons, the defendant's convictions and sentences are affirmed. This matter is remanded and the trial court instructed to inform the defendant of the two-year prescriptive period provided for in La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings.
AFFIRMED. REMANDED WITH INSTRUCTIONS.
NOTES
[1] There is no indication that this appeal was lodged by the trial court clerk's office. Pursuant to La.Code Crim.P. art. 917, any error by the clerk in this regard "... shall not prejudice the appeal, unless such defect or delay is imputable to the appellant."
[2] Further, the lodging error in 02-244 indicates that the defendant's convictions in 02-444 were arguably never final.