NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-385

STATE OF LOUISIANA

VERSUS

EDWARD JAMES ROCHON

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 5596-02,
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

AFFIRMED.

John F. DeRosier
District Attorney
Carla S. Sigler
Assistant District Attorney
Post Office Box 3206
Lake Charles, Louisiana 70602-3206
(337) 437-3400
Counsel for:
        State of Louisiana

Mark O. Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, Louisiana 71457
(318) 354-1292
Counsel for Defendant/Appellant:
        Edward James Rochon

SULLIVAN, Judge.

On January 24, 2002, a Calcasieu Parish Grand Jury indicted Defendant, Edward James Rochon, on one count of attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. On May 20, 2002, Defendant entered a plea of not guilty to the charge. He amended this plea on February 11, 2005, to not guilty and not guilty by reason of insanity. Thereafter, Defendant withdrew his not guilty by reason of insanity plea and entered a plea of guilty to the charge; this was predicated on a joint recommendation of the State and Defendant that he be sentenced to no more than twenty years.

A sentencing hearing was conducted on August 31, 2005, and Defendant was sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence and credit for time served. Defendant filed a motion to reconsider sentence on December 9, 2005, which was denied. He timely filed a motion and order for appeal.

Defendant complains only that his sentence is excessive. This argument is without merit.

### Facts

The factual basis for Defendant's guilty plea is found in the following colloquy:

**[Prosecutor]:**

> Your Honor, on December 5th of 2001, this defendant struck Mr. Murphy Rochon, who at the time was 89 years old, in the head multiple times with a hammer until help arrived to rescue Mr. Murphy Rochon. It caused multiple skull fractures which required surgery by a neurosurgeon. And this occurred in Calcasieu Parish.

> . . . .

**THE COURT:**

[D]o you admit that you committed those acts?

**MR. ROCHON:**

Yes.

Mr. Rochon then formally plead guilty to the charge of attempted second degree murder. Thereafter, the State informed the trial court that the parties had agreed to a cap of twenty years for Defendant's sentence.

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. No errors patent were found on review of the record.

### *Excessive Sentence*

Pursuant to the terms of his plea agreement, Defendant was sentenced to serve twenty years at hard labor. He now contends that his sentence is excessive.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This provision has been held to apply to any plea agreement in which the sentence is specified, or like the instant case, where a sentencing cap is set. *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171. *See also*, *State v. Charles*, 02-443 (La.App. 3 Cir. 10/2/02), 827 So.2d 553, *writ denied*, 02-2707 (La. 3/28/03), 840 So.2d 569. Accordingly, Defendant's assignment of error is without merit.

### *Disposition*

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.