NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1411

STATE OF LOUISIANA

VERSUS

REGINALD PROVOST

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-1809
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Hon. J. Phillip Haney
District Attorney
Jeffrey J. Trosclair
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
  Counsel for Plaintiff-Appellee:
  State of Louisiana

Carey J. Ellis III
Louisiana Appellate Project
707 Julia St.
Rayville, LA 71269
(318) 728-2043
  Counsel for Defendant-Appellant:
  Reginald Provost

**Pickett, Judge.**

## FACTS

On August 9, 2005, police observed a drug transaction and subsequently conducted a traffic stop of the vehicle involved. The defendant was the front passenger in the vehicle. While patting down the defendant, police found four dime bags of marijuana and a large amount of cash. Police also found, on the passenger floorboard of the vehicle, a weapon with a piece of crack cocaine on top of it.

On October 20, 2005, the defendant, Reginald Provost, was charged by bill of information with one count of possession with intent to distribute marijuana, a violation of La.R.S. 40:966, one count of possession with intent to distribute cocaine, a violation of La.R.S. 40:967, one count of possession of a firearm while possessing a controlled dangerous substance, a violation of La.R.S. 14:95, and one count of transactions involving proceeds from drug offenses, a violation of La.R.S. 40:1049. The defendant entered a plea of not guilty on November 2, 2005. On January 23, 2006, the defendant entered a plea of guilty to possession with intent to distribute marijuana and the amended charge of possession of cocaine. The remaining charges were *nolle prossed*. On June 29, 2006, the defendant was sentenced to five years on each charge, to run concurrently to each other, and consecutively to a five year sentence in an unrelated conviction for second degree battery. The defendant filed a Motion to Reconsider Sentence on July 19, 2006. The motion was subsequently denied.

A Motion and Order for Appeal was filed on August 10, 2006. The defendant is now before this court asserting one assignment of error.

1

## ASSIGNMENT OF ERROR

The concurrent sentences of five years at hard labor imposed for the defendant's guilty pleas to the crimes of possession of cocaine and possession of marijuana with intent to distribute constitute an excessive sentence in this particular proceeding since the total five years was ordered to run consecutively to another five year sentence at hard labor.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## SENTENCE

In his only assignment of error, the defendant contends the concurrent sentences of five years at hard labor imposed for his guilty plea to the crimes of possession of cocaine and possession of marijuana with intent to distribute constitute excessive sentences in this particular proceeding since the total five years was ordered to run consecutively to another five year hard labor sentence.

Whoever commits the offense of possession with intent to distribute marijuana shall be imprisoned "for not less than five nor more than thirty years." La.R.S. 40:966(B)(3). Whoever commits the offense of possession of cocaine "shall be imprisoned with or without hard labor for not more than five years." La.R.S. 40:967(C)(2). The defendant entered a plea of guilty to possession with intent to distribute marijuana and the amended charge of possession of cocaine and was sentenced to five years on each charge, to run concurrently, and consecutively to the conviction for second degree battery in lower court docket number 05-1774.

2

This court discussed the standard for excessive sentences in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
>
> 1. The nature of the crime,
>
> 2. The nature and background of the offender, and
>
> 3. The sentence imposed for similar crimes by the same court and other courts.

The trial court made the following comments prior to sentencing the defendant:

> He has received substantial benefit already from his guilty plea bargain. He pled guilty to possession with intent to distribute marijuana. Possession with intent to distribute cocaine was reduced to simple possession of cocaine. Possession of a firearm was dismissed. Drug proceeds derived was dismissed. And aggravated second-degree battery was reduced to second degree battery. So he has reduced his exposure for purposes of his sentence by the bargain that he made at the time that he entered a plea.
>
> I also consider the fact that he is young. He's only 19 years old. And he went to school to the ninth grade.

I also consider his criminal history. As a juvenile, he was placed on probation for theft of goods. In 2001, he served six months -- I'm sorry. He was placed on probation in 2001 for theft of goods. He was revoked from that probation and served six months in custody. Subsequently, he was placed on probation for possession of marijuana in 2002. And evidently he completed his supervised probation for that matter.

I don't consider that he is a good candidate for probation because of the fact that he has already been revoked from probation on one occasion by not complying with the conditions of his probation. He subsequently was put on probation a second time, and obviously he has now committed these matters, the crimes involved herein for which he has pled guilty. So obviously he's not a person who is going to be rehabilitated by probation.

He pled open-ended in this matter.

On the possession with intent to distribute marijuana, the court considers that -- besides what I have said, that there is an undue risk that during a period of a suspended sentence or probation, the defendant will commit another crime as he has evidenced in the past.

The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

A lesser sentence than I'm going to give would deprecate the seriousness of defendant's crime.

The defendant was in possession of a firearm at the time of the commission of this crime.

The offense was a controlled dangerous substance offense, and the offender could have obtained substantial income or resources from ongoing drug activities.

In support of his argument that his sentences are excessive, the defendant notes that although he had a juvenile record and a misdemeanor record, he was a first felony offender, he was nineteen years old at the time of sentencing, and he accepted responsibility for his actions by pleading guilty. Additionally, according to defense counsel, the defendant had one child at the time of sentencing, was able to obtain employment, and his mother was very ill. The defendant also points out that the trial

4

court offered no special justification for the imposition of consecutive sentences. Further, the defendant asserts the trial court placed particular weight on the fact that in docket number 05-1774, the separate offense to which these sentences are to run consecutively, the victim was traumatized about the head and required brain surgery, however, the victim was willing to forgive the defendant. The defendant's claim that the trial court placed particular weight on the fact that the victim in lower court docket number 05-1774 was traumatized about the head and required brain surgery is without merit. The trial court sentenced the defendant on the offenses at issue in the case at bar before discussing the charge in docket number 05-1774.

Louisiana Code of Criminal Procedure Article 883 provides for concurrent and consecutive sentences as follows:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

A review of the record indicates that although the defendant pled guilty to the offenses at issue in the case at bar and to the offense in docket number 05-1774 on the same date, the crimes in the case at bar occurred on a different date and under different circumstances than the offense in docket number 05-1774. Therefore, the trial court did not err when it ordered the sentences in the case at bar to run consecutively to the sentence in docket number 05-1774. Furthermore, the trial court was not required to articulate a particular justification for the imposition of

5

consecutive sentences in this case. *State v. Charles*, 02-443 (La.App. 3 Cir. 10/2/02), 827 So.2d 553, *writ denied*, 02-2707 (La. 3/28/03), 840 So.2d 569.

The defendant lessened his sentencing exposure from thirty to five years by entering a guilty plea to possession of cocaine as opposed to the original charge of possession with intent to distribute cocaine. La.R.S. 40:967. Additionally, two other charges against the defendant were dismissed. Furthermore, although the defendant was a first offender, he committed the offenses in the case at bar after he committed the offense of second degree battery. For the reasons stated herein, we find the defendant's five year sentences, which were ordered to run concurrently, are not excessive.

For these reasons, the defendant's assignment of error lacks merit.

## CONCLUSION

The defendant's sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

6