NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1410

STATE OF LOUISIANA

VERSUS

REGINALD PROVOST

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-1774
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Hon. J. Phillip Haney
District Attorney, 16th JDC
Jeffrey J. Trosclair
Assistant District Attorney, 16th JDC
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
  Counsel for State-Appellee:
  State of Louisiana

Carey J. Ellis III
Louisiana Appellate Project
707 Julia St.
Rayville, LA 71269
(318) 728-2043
Counsel for Defendant-Appellant:
Reginald Provost

**Pickett, Judge.**

## FACTS

On April 12, 2005, the defendant, Reginald Provost, along with a female, confronted the victim near an ATM and beat the victim with his fists and kicked and stomped the victim. As a result of the beating, the victim was hospitalized for a head injury.

On October 18, 2005, the defendant was charged by bill of information with aggravated second degree battery, a violation of La.R.S. 14:34.7. The defendant entered a plea of not guilty on November 2, 2005. On January 23, 2006, the defendant entered a guilty plea to the amended charge of second degree battery, a violation of La.R.S. 14:34.1. On June 29, 2006, the defendant was sentenced to five years at hard labor, which was ordered to run consecutively to the charges in lower court docket number 05-1809, an unrelated drug charge. The defendant was also ordered to make restitution in the amount of $60,341.37. The defendant filed a Motion to Reconsider Sentence on July 19, 2006. The motion was subsequently denied.

A Motion and Order for Appeal was filed on August 10, 2006. The defendant is now before this court asserting one assignment of error. Therein, the defendant contends his sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

1

## DISCUSSION

In his only assignment of error, the defendant contends that the maximum hard labor sentence of five consecutive years at hard labor imposed for his guilty plea to the crime of second degree battery constitutes an excessive sentence in this particular proceeding.

"Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both." La.R.S. 14:34.1. The defendant pled guilty to second degree battery and was sentenced to five years at hard labor, which was ordered to run consecutively to his sentences in lower court docket number 05-1809, and was ordered to make restitution in the amount of $60,341.37. This court discussed the standard for excessive sentences in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

2

1.  The nature of the crime,

2.  The nature and background of the offender, and

3.  The sentence imposed for similar crimes by the same court and other courts.

The trial court made the following comments prior to sentencing the defendant:

He has received substantial benefit already from his guilty plea bargain. He pled guilty to possession with intent to distribute marijuana. Possession with intent to distribute cocaine was reduced to simple possession of cocaine. Possession of a firearm was dismissed. Drug proceeds derived was dismissed. And aggravated second-degree battery was reduced to second degree battery. So he has reduced his exposure for purposes of his sentence by the bargain that he made at the time that he entered a plea.

I also consider the fact that he is young. He's only 19 years old. And he went to school to the ninth grade.

I also consider his criminal history. As a juvenile, he was placed on probation for theft of goods. In 2001, he served six months -- I'm sorry. He was placed on probation in 2001 for theft of goods. He was revoked from that probation and served six months in custody. Subsequently, he was placed on probation for possession of marijuana in 2002. And evidently he completed his supervised probation for that matter.

I don't consider that he is a good candidate for probation because of the fact that he has already been revoked from probation on one occasion by not complying with the conditions of his probation. He subsequently was put on probation a second time, and obviously he has now committed these matters, the crimes involved herein for which he has pled guilty. So obviously he's not a person who is going to be rehabilitated by probation.

He pled open-ended in this matter.

On the possession with intent to distribute marijuana, the court considers that -- besides what I have said, that there is an undue risk that during a period of a suspended sentence or probation, the defendant will commit another crime as he has evidenced in the past.

The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

3

A lesser sentence than I'm going to give would deprecate the seriousness of defendant's crime.

The defendant was in possession of a firearm at the time of the commission of this crime.

The offense was a controlled dangerous substance offense, and the offender could have obtained substantial income or resources from ongoing drug activities.

. . . .

On the charge of second degree battery, I have the same considerations that I have previously given, together with the following additional considerations.

The offender's conduct during the commission of the offense of second degree battery manifested deliberate cruelty to the victim, in that the victim was traumatized about the head and seriously injured which required brain surgery.

The offender knowingly created a risk of death or great bodily harm to the victim in the manner in which and the place in which he struck the victim.

He used actual violence in the commission of the offense.

And as a result of the injuries received by the victim, the victim has incurred medical bills of $60,341.37, which are very substantial. And in addition to that, the victim has expressed that he has sustained as a result of the injuries a loss of hearing and eyesight and weakness -- I'm sorry -- a loss of eyesight -- partial eyesight and also a loss of partial memory. So he has received substantial and permanent injuries.

So, for the cruelty involved in that crime and the manner in which it was carried out, I sentence the defendant to serve five years at hard labor. I give him credit for time served. That sentence is consecutive to the two other sentences that I have given him today.

I also order that he make restitution in the amount of $60,341.37.

In support of his argument that his sentence is excessive, the defendant notes that although he had a juvenile record and a misdemeanor record, he was a first felony offender, he was nineteen years old at the time of sentencing, and he accepted responsibility for his actions by pleading guilty. Additionally, according to defense

4

counsel, the defendant had one child at the time of sentencing, was able to obtain employment, his mother was very ill, and the victim stated that he wanted to let "bygones be bygones." The defendant further points out that the trial court offered no special justification for the imposition of consecutive sentences.

Louisiana Code of Criminal Procedure Article 883 provides for concurrent and consecutive sentences as follows:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

A review of the record indicates that although the defendant pled guilty to second degree battery and to two other offenses on the same date, the crime of second degree battery occurred on a different date and under different circumstances than the other crimes to which he pled guilty. Therefore, the trial court did not err when it ordered the sentence in the case at bar to run consecutively to the other sentences imposed on June 29, 2006. Furthermore, the trial court was not required to articulate a particular justification for the imposition of consecutive sentences in this case. *State v. Charles*, 02-443 (La.App. 3 Cir. 10/2/02), 827 So.2d 553, *writ denied*, 02-2707 (La. 3/28/03), 840 So.2d 569.

The defendant lessened his sentencing exposure from fifteen to five years by entering a plea of guilty to the lesser offense of second degree battery as opposed to the original charge of aggravated second degree battery. La.R.S. 14:34.7. Additionally, although the defendant was a first offender, he committed several other

offenses, to which he pled guilty, after the date of the offense at issue in the case at bar. Furthermore, the defendant severely beat the victim in this matter, causing swelling of the brain, permanent hearing and visual impairment, and memory loss. Based on the factors discussed herein, we find the defendant's sentence is not excessive.

The defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.